**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| US BANK, N.A., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RENOVISTA RIDGE MASTER PROPERTY ) <br> OWNERS ASSOCIATION et al., ) <br> ) <br> Defendants. ) | 3:17-cv-00283-RCJ-VPC <br><br> **ORDER** |

This case arises out of a foreclosure sale under Chapter 116 of the Nevada Revised Statutes ("HOA sale"). Pending before the Court are a motion for summary judgment and a motion to stay.

**I.    FACTS AND PROCEDURAL HISTORY**

On or about May 8, 2006, Defendants Veisinia and Filimone Tuavao gave Resmae Mortgage Corp. ("Resmae") a $316,000 promissory note ("the Note") in exchange for funds in that amount to purchase real property at 4461 Reddawn Drive, Reno, Nevada, 89523 ("the Property"), secured by a deed of trust ("the DOT") against the Property. (Compl. ¶¶ 5, 7–9 & Ex. 1, ECF No. 1). On February 26, 2015, Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the Note and DOT to Plaintiff U.S. Bank National Association ("US Bank")

on behalf of Resmae. (*Id.* ¶ 11 & Ex. 2).[1] On November 21, 2014, however, Defendant Nevada Association Services, Inc. ("NAS") had held an HOA sale of the Property on behalf of Defendant Renovista Ridge Master Property Owners Association ("the HOA"). (*Id.* ¶¶ 2–3, 13 & Ex. 3). Defendant Thunder Properties, Inc. ("Thunder") purchased the Property at the HOA sale for $135,000. (*Id.* ¶¶ 4, 13 & Ex. 3).

US Bank sued Defendants in this Court to quiet title to the Property, asking the Court to rule that the HOA sale was either altogether void, or, in the alternative, that the DOT survived the sale for reasons of, *inter alia*, due process and commercial unreasonableness. The Clerk has entered default against all Defendants except Thunder. US Bank has moved for summary judgment. Thunder did not timely respond but moved for a stay. The parties later stipulated to retroactively extend the time to respond, and the Court granted the stipulation. Thunder responded, and US Bank has replied.

## II. DISCUSSION

The Court of Appeals has held that the opt-in notice scheme under Chapter 116 in effect at the relevant time was facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1158–60 (9th Cir. 2016). The Supreme Court denied certiorari, *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 137 S. Ct. 2296, 2297 (2017), despite the Nevada Supreme Court's intervening ruling to the contrary on the issue of state action, *see Saticoy Bay LLC v. Wells Fargo Home Mortg.*, 388 P.3d 970, 973–74 (Nev. 2017). As in other similar cases, that ends the matter here, and US Bank is entitled to summary judgment as a matter of law that the DOT survived the HOA sale.

---

1 This was permitted under the DOT. (*See* DOT 2–3, ECF No. 1, at 7).

Thunder's argument in response that the *Saticoy Bay* ruling (that Chapter 116 foreclosures do not constitute state action under the Due Process Clause of the Fourteenth Amendment) controls in this Court is incorrect. The issue of state action under the Fourteenth Amendment is an issue of federal law, and the Court of Appeals' ruling on the issue is therefore binding in federal courts notwithstanding any state law ruling to the contrary. The Nevada Supreme Court did not (and could not) overrule *Bourne Valley* or any other federal ruling on a federal issue. It is also a misstatement that the *Bourne Valley* court did not address whether the pre-October 1, 2015 version of Nevada Revised Statutes section 116.31168(1) required notice of the sale to US Bank or its predecessor. *Bourne Valley Court Tr.*, 832 F.3d at 1158 ("Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. Section 116.31168(1) stated, '[t]he provisions of NRS 107.090 apply to the foreclosure of an association's lien as if a deed of trust were being foreclosed.' According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request. Bourne Valley's preferred reading would impermissibly render the express notice provisions of Chapter 116 entirely superfluous. In particular, section 116.31163 and section 116.31165 required any secured creditor to request notice of default from a homeowners' association before the homeowners' association had any obligation to provide such notice. If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument." (citation omitted)).

The Court has also rejected the "return doctrine" argument. *Christiana Trust v. K&P Homes*, 288 F. Supp. 3d 1039, 1043–44 (D. Nev. 2017); *Wells Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n*, No. 3:15-cv-390, 2017 WL 1364583, at *4 (D. Nev. Apr. 13, 2017) ("The return doctrine functions to reestablish a previous version of a statute for future application where a later version is struck down as unconstitutional; the theory is that because the Legislature did not have the power to enact the unconstitutional version of the statute, the previous version was never properly abrogated, and the previous version therefore remains in force going forward. The doctrine does not (and could not) function to forgive constitutional offenses committed under the amended version of the statute in the meantime." (citation omitted)). US Bank is entitled to summary judgment on the due process issue. The Court need not address issues of commercial reasonableness at this time.

Thunder also asks the Court to stay the case because another judge of this District has certified to the Nevada Supreme Court the question of whether the pre-October 1, 2015 version of Nevada Revised Statutes section 116.31168(1) required notice of the sale to the first deed of trust holder. If the answer were "yes," the argument goes, the notice scheme would not be facially unconstitutional, and the fact of notice would have to be litigated in each case. But the Court has already rejected this line of argument based on the discussion in *SFR Investments Pool I, LLC v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) itself, an in-depth textual analysis of the statutes, and both the objective and subjective legislative histories. *Christiana Trust*, 288 F. Supp. 3d at 1042–43. Although not impossible that the Nevada Supreme Court might agree with Thunder, such a reading would contradict all commonly accepted methods of statutory interpretation. *See id.* And regardless of any ruling by the Nevada Supreme Court on the issue, this Court would remain bound by *Bourne Valley* unless and until the Court of Appeals or the U.S. Supreme Court were to indicate otherwise.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 33) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Stay (ECF No. 36) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall SUBMIT a proposed judgment within twenty-one (21) days of this Order.

IT IS SO ORDERED.

Dated this 19th day of June, 2018.

_____
ROBERT E. JONES
United States District Judge